UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-00599-RJC
(3:18-cr-00075-RJC-DCK-1)

| | |
|---|---|
| SURRELL M. DUFF, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on Petitioner's "Motion Pursuant to 60(b)(2)." [CV Doc. 13].[1] For the following reasons, the Court finds that this is an unauthorized, successive petition, and the Court, therefore, denies the motion.

**I.     BACKGROUND**

On February 21, 2018, Pro Se Petitioner Surrell M. Duff ("Petitioner") was charged in a Bill of Indictment with one count of crack cocaine trafficking conspiracy in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count One) and one count of possession with intent to distribute crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count Two). [CR Doc. 3: Indictment]. Petitioner and the Government entered into a Plea Agreement pursuant to which Petitioner agreed to plead guilty to Count One and the Government agreed to dismiss the remaining charge in the Indictment. [CR Doc. 17: Plea Agreement]. Petitioner was sentenced to a term of

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:19-cv-00599-RJC, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:18-cr-00075-RJC-DCK-1.

imprisonment of 120 months. [CR Doc. 29 at 2: Judgment]. Petitioner did not directly appeal his conviction or sentence.

On November 5, 2019, Petitioner filed a Section 2255 motion to vacate. [CV Docs. 1, 4, 4-1]. Petitioner argued that he received ineffective assistance of counsel under the Sixth Amendment. In support of his motion, Petitioner asserted the following grounds: (1) his counsel advised him to sign a plea when he insisted on going to trial; (2) his counsel failed to file a motion to suppress evidence, which was obtained in violation of Petitioner's Fourth Amendment rights because Petitioner was illegally arrested; and (3) Petitioner was sentenced under a "false" drug quantity because his counsel failed to argue drug quantity, even though Petitioner told her "his amount was wrong." [CV Doc. 4 at 4-7]. The Court denied and dismissed Petitioner's motion to vacate on the merits. [CV Doc. 6]. Petitioner unsuccessfully appealed this Court's denial of his motion to vacate.[2] [CV Docs. 8, 11].

On February 11, 2021, Petitioner filed the instant motion, which the Court construes as a successive motion to vacate under 28 U.S.C. § 2255. [See CV Doc. 13]. In the instant motion, Petitioner argues he is entitled to relief under Rule 60(b)(2) of the Federal Rules of Civil Procedure for newly discovered evidence and requests an evidentiary hearing. [Id.].

II.   **STANDARD OF REVIEW**

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an

---

[2] The mandate on Petitioner's appeal is stayed pending Petitioner's petition for rehearing or rehearing *en banc*. [CV Doc. 12].

evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Petitioner purports to seek relief under Federal Rule of Civil Procedure 60(b)(2).[3] [See CV Doc. 13]. Where a petitioner seeks relief from a judgment under Rule 60(b), courts must treat such a motion as seeking successive post-conviction relief when failing to do so would allow the applicant to evade the bar against relitigation of claims presented in prior application or the bar against litigation of claims not presented in a prior application. United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003) (requiring district courts to review Rule 60(b) motions to determine whether such motions are tantamount to a § 2255 motion). Regarding Rule 60(b) motions that are actually attempts at successive collateral review, the Fourth Circuit has stated:

> a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider.

Id. at 207.

Here, Petitioner again attacks his conviction. Furthermore, although Petitioner purports to present newly discovered evidence to the Court, Petitioner's motion merely rehashes and further elaborates on previously presented arguments. [See Doc. 13]. Petitioner also cites "intervening

---

[3] Rule 60(b) allows relief from judgment or order for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud …, misrepresentation, or misconduct by an opposing part;
(4) the judgment is void;
(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

3

change of law" that he claims affected the knowing and voluntary character of Petitioner's guilty plea. [Id. at 8]. Petitioner, however, fails to explain what law has changed or how his guilty plea was invalidated thereby. [See id.]. Rule 60(b) simply does not authorize relief under Plaintiff's motion. United States v. Williams, 674 F.2d 310, 313 (4th Cir. 1982); United States v. Vassell, 22 Fed. App'x 193, 194 (2001) ("When the motion raises no new arguments, but merely requests the district court to reconsider a legal issue or to change its mind, relief is not authorized.").

As such, because Plaintiff again attacks his criminal conviction, Petitioner's motion must be construed as a § 2255 motion to vacate, notwithstanding its caption. See Gonzalez v. Crosby, 545 U.S. 524, 530-31 (2005) (holding that Rule 60(b) motions are treated as successive habeas petitions); Everette v. United States, No. 5:04-cv-358, 2012 WL 4486107, at *2-3 (E.D.N.C. Sept. 28, 2012); United States v. MacDonald, 979 F. Supp. 1057, 1068 (E.D.N.C. 1997) (stating a motion to reopen is akin to a successive habeas petition). Since Petitioner has already filed a motion under § 2255 and this Court has adjudicated the motion on the merits, Petitioner's instant motion is a "second or successive" motion under § 2255. Winestock, 340 F.3d at 206.

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Thus, Petitioner must first obtain an order from the United States Court of Appeals for the Fourth Circuit before this Court will consider any second or successive petition under 28 U.S.C. § 2255. Petitioner has not shown that he has obtained the permission of the United States Court of Appeals for the Fourth Circuit to file a successive petition. See also 28 U.S.C. § 2255(h) (stating that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals"). Accordingly, this successive petition must be dismissed. See

Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place").

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Petitioner's motion for lack of jurisdiction because the motion is a successive petition and Petitioner has not first obtained permission from the Fourth Circuit Court of Appeals to file the motion.

**IT IS, THEREFORE, ORDERED** that

1. Petitioner's motion [Doc. 13] is **DISMISSED** as a successive petition.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: March 26, 2021

Robert J. Conrad, Jr.
United States District Judge